IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SULAIMAN TAALIBDIN              :       CIVIL ACTION
                                :
        v.                      :
                                :
JAMES T. WYNDER                 :       NO. 07-cv-01252-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      May 22, 2007

       *Pro se* petitioner, Sulaiman Taalibdin, has filed another petition for a writ of habeas corpus.  Mr. Taalibdin was convicted of second-degree murder in 1994, and sentenced to life imprisonment.  After the trial, new counsel was appointed to represent him in post-trial proceedings, but found it necessary to file a "Finley Letter" suggesting that counsel had been unable to find a valid issue to raise on appeal.

       Petitioner sought habeas relief in this court in 1994 (C.A. 94-6649).  Magistrate Judge Rueter filed a report and recommendation suggesting that the petition be dismissed without prejudice, for failure to exhaust state remedies.  That recommendation was adopted by this court, and affirmed on appeal to the Third Circuit.

       The present case is petitioner's third attempt to obtain relief in this court.  In C.A. Nos. 05-6711 and 06-4412, petitioner had unsuccessfully sought relief from the judgment denying his earlier 1994 petition, ostensibly pursuant to Fed. R. Civ. P. 60(b).

In the present case, petitioner seeks a writ of habeas corpus, but did not use the required form of petition. He has been provided with the proper forms, and has been granted extensions of time until May 23, 2007 to file an application on the appropriate form. By letter dated May 14, 2007, petitioner asserts: (1) that in order to establish that his present application does not constitute a "successive" habeas petition, he needs a copy of Magistrate Judge Rueter's report and recommendation in the 1994 case; (2) that he has lost his copy of that item; and (3) that, after repeated attempts to obtain the document from archives, he has been informed that it would cost him a fee of $45.00 to attempt to locate the lost document. Petitioner requests that this court now intervene and obtain a copy of the Magistrate's report for his use.

I have concluded, however, that petitioner's application for habeas relief, although filed on the wrong form, clearly sets forth sufficient information to enable the court to deal with the matter appropriately, without requiring further filings from the petitioner.

A careful review of all of petitioner's various, voluminous filings makes clear that petitioner's essential contentions are: (1) he was convicted of second-degree murder because the killing occurred in the course of a robbery; (2) he was not actually charged with the crime of robbery, but only with

the murder charge; (3) therefore, the trial court lacked subject-matter jurisdiction; (4) his fundamental constitutional rights were violated because, in the course of the murder trial, the trial judge instructed the jury as to the essential elements of the crime of robbery; and (5) his trial counsel, and all of his succeeding counsel, were constitutionally inadequate because they allowed this to happen, without objection.

Unfortunately for petitioner, he is simply mistaken about the applicable law. A person can properly be charged with, and convicted of, felony-murder without necessarily being charged with the underlying felony (which is, after all, subsumed within the more serious charge of felony-murder). And, when a defendant is charged with felony-murder, it is entirely appropriate to instruct the jury concerning the elements of felony-murder, and that necessarily includes the definition of the underlying felony.

For all of these reasons, petitioner's application for a writ of habeas corpus is entirely lacking in merit. Even if it were otherwise, however, it is quite evident that a 2007 challenge to a 1994 conviction is untimely, and that merely characterizing two of petitioner's earlier applications as motions for relief from judgment rather than as applications for habeas relief does not prevent the present application from being

denied as a second or successive petition, filed without appellate court approval.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SULAIMAN TAALIBDIN              :        CIVIL ACTION
                                :
         v.                     :
                                :
JAMES T. WYNDER                 :        NO. 07-cv-01252-JF
```

ORDER

      AND NOW, this 22nd day of May 2007, IT IS ORDERED:

      1.   Petitioner's motion for appointment of counsel is DENIED.

      2.   Petitioner's "Motion for Equitable Relief in the Exercise of this Court's Inherent Article III Powers and/or for Relief from Judgment" is DENIED.

      3.   The petition for a writ of habeas corpus is DENIED, with prejudice.

      4.   There is no probable cause for appeal.

      5.   The Clerk is directed to close the file.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam, Sr. J.